

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

DENNIS LEE EPPS,          )    No. CV 11-1161-VAP (PLA)
                     )
         Petitioner,   )
                     )    **ORDER TO SHOW CAUSE RE: DISMISSAL**
     v.                 )    **OF SUCCESSIVE PETITION**
                     )
WARDEN JOHN SALAZAR,     )
                     )
         Respondent.  )
                     )

      On February 8, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 1998 conviction in the Los Angeles County Superior Court and his sentence of thirty-four years, eight months in state prison. The Court observes that on April 22, 2003, petitioner filed an earlier habeas petition in this Court, in Case No. CV 03-2820-VAP (PLA), in which he also challenged his 1998 conviction. The 2003 petition was dismissed on the merits with prejudice pursuant to the Judgment issued on July 20, 2005. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment in Case No. CV 03-2820-VAP (PLA)). The Ninth Circuit denied petitioner's request for a certificate of appealability on April 26, 2006. (See Docket Entry No. 41).

      A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2003 federal habeas challenge, petitioner raised the following claims: (1) petitioner's statutory right to a jury trial on the allegations that he had suffered a prior serious or violent felony conviction was violated when the trial court denied his request for a jury trial as to those allegations; (2) petitioner's state statutory right to a jury trial on the prior conviction allegations was violated; (3) denial of the right to a jury trial on sentencing enhancements is never harmless error; (4) there was insufficient evidence to support petitioner's convictions for assault with a firearm; (5) the search of petitioner's suitcase was without probable cause and amounts to a violation of petitioner's Fourth Amendment rights; (6) petitioner received ineffective assistance of trial and appellate counsel; (7) the trial court violated petitioner's right to due process when it showed partiality toward the prosecution; (8) the testimony of Officer Jamie McBride should be rejected under CALJIC No. 2.21.2 and in light of new evidence that demonstrates his testimony was willfully false; (9) the testimony of Officer Farber should be rejected because it was also willfully false; and (10) petitioner's prior felony conviction should be stricken because it occurred prior to

1  March 7, 1994.  (<u>See</u> Report and Recommendation, filed June 9, 2005, at pp. 4-5).  As mentioned

2  above, the action was dismissed on the merits and with prejudice.  (<u>See</u> Order Adopting

3  Magistrate Judge's Report and Recommendation and Judgment, both entered on July 20, 2005).

4        In the instant Petition, petitioner sets forth the following claim: "petitioner['s] state and

5  federal constitutional rights [were] violated when the trial court imposed an unauthorized state

6  sentence ...."  (Petition at p. 5).  However, even if petitioner's claim in the instant Petition satisfied

7  the AEDPA standards for filing a successive petition (although it does not appear that it satisfies

8  28 U.S.C. § 2244(b)(2)(A) or (B)), he nevertheless is required to first seek authorization from the

9  Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).  Here, there is no

10  indication that petitioner has obtained such permission from the Ninth Circuit.  In fact, the record

11  shows that the Ninth Circuit in 2008 denied petitioner's request to file a successive petition.

12  (<u>See</u> Docket Entry No. 43 in Case No. CV 03-2820-VAP (PLA)).  <u>See</u> <u>Burton v. Stewart</u>, 549 U.S.

13  147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive

14  authorization from the Court of Appeals before filing a second habeas petition).  It therefore

15  appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. §

16  2244(b).  <u>See</u> <u>id.</u>; <u>Cooper</u>, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may

17  not, in the absence of proper authorization from the court of appeals, consider a second or

18  successive habeas application.'") (citation omitted).[1]

19  /

20  /

21  /

22  /

23  /

24  /

25  /

26

27  [1]    Even if petitioner were asserting that he should be permitted to file a successive petition under 28 U.S.C. § 2244(b)(2)(B) because newly discovered facts show that he is actually innocent
28  of the crimes for which he was convicted, 28 U.S.C. § 2244(b)(3)(A) still requires him to obtain authorization from the Ninth Circuit to file a successive petition.

1    Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be

2    dismissed as successive.  Specifically, petitioner must submit to the Court **no later than March**

3    **2, 2011**, documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a

4    motion in the Ninth Circuit for an order authorizing the district court to consider a successive

5    petition, and that the Ninth Circuit issued such an order.  **Failure to respond by March 2, 2011,**

6    **will result in the instant Petition being summarily dismissed without prejudice.**[2] See Reyes

7    v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without

8    prejudice to petitioner's right to seek authorization from the Ninth Circuit).

9         **IT IS SO ORDERED.**

10

11   DATED:  February 9, 2011

12                                                        _____
                                                              PAUL L. ABRAMS
                                                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24   [2]   In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he
     does not provide documentation showing that he is not required to first receive Ninth Circuit
25   authorization before filing a successive petition, he is advised that if he wishes to make a
     successive habeas application, he must file a "Motion for Order Authorizing District Court to
26   Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the
     Ninth Circuit.  Until the Ninth Circuit issues such an order, any direct or implied request for a
27   second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be
     dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to
28   file the petition.