UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DENNIS LEE EPPS,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN JOHN F. SALAZAR,<br><br>    Respondent. | No. CV 11-1161-VAP (PLA)<br><br>**ORDER DISMISSING PETITION AS SUCCESSIVE** |

On February 8, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), in which he challenges his 1998 conviction in the Los Angeles County Superior Court in Case No. BA158159 and his sentence of thirty-four years, eight months in state prison. On April 22, 2003, petitioner filed an earlier habeas petition in this Court, in Case No. CV 03-2820-VAP (PLA), in which he also challenged his 1998 conviction. The 2003 petition was dismissed on the merits with prejudice pursuant to the Judgment issued on July 20, 2005. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment in Case No. CV 03-2820-VAP (PLA)).

On February 9, 2011, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Successive Petition, ordering petitioner to show cause no later than March 2, 2011, why the

Petition should not be dismissed as successive.[1] On March 2, 2011, petitioner filed an Answer to the Magistrate Judge's February 9, 2011, Order.

## DISCUSSION

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable

---

[1] In the February 9, 2011, Order to Show Cause, the Magistrate Judge also advised petitioner that if he wished to file a successive habeas application, he was required to file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. The Magistrate Judge further advised petitioner that until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice.

factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2244(b)(2)(A), (B).

In his 2003 federal habeas challenge, petitioner raised the following claims: (1) petitioner's statutory right to a jury trial on the allegations that he had suffered a prior serious or violent felony conviction was violated when the trial court denied his request for a jury trial as to those allegations; (2) petitioner's state statutory right to a jury trial on the prior conviction allegations was violated; (3) denial of the right to a jury trial on sentencing enhancements is never harmless error; (4) there was insufficient evidence to support petitioner's convictions for assault with a firearm; (5) the search of petitioner's suitcase was without probable cause and amounts to a violation of petitioner's Fourth Amendment rights; (6) petitioner received ineffective assistance of trial and appellate counsel; (7) the trial court violated petitioner's right to due process when it showed partiality toward the prosecution; (8) the testimony of Officer Jamie McBride should be rejected under CALJIC No. 2.21.2 and in light of new evidence that demonstrates his testimony was willfully false; (9) the testimony of Officer Farber should be rejected because it was also willfully false; and (10) petitioner's prior felony conviction should be stricken because it occurred prior to March 7, 1994. (See Report and Recommendation, filed June 9, 2005, at pp. 4-5). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both entered on July 20, 2005).

In the instant Petition, petitioner sets forth the following claim: "petitioner['s] state and federal constitutional rights [were] violated when the trial court imposed an unauthorized state sentence ...." (Petition at p. 5).

Petitioner attaches to his Answer an Order for Dismissal issued on February 18, 2009, by the Los Angeles County Superior Court in Case No. A348852, in which it was ordered that petitioner's "plea, verdict, or finding of guilt in ... [Case No. A348852] be set aside and vacated and a plea of not guilty be entered and that the complaint be ... dismissed." (Petition, Exhibit A). Although petitioner suggests in the Answer that the February 18, 2009, Order for Dismissal satisfies the requirements of 28 U.S.C. § 2244(b)(2)(B) (see Answer at pp. B-C), he fails to explain what plea, verdict, or finding of guilt was set aside in Case No. A348852, or how the post-

3

conviction Order of Dismissal impacts his conviction and sentence at issue in this action (i.e., in Los Angeles County Superior Court Case No. BA158159) or satisfies any § 2244(b)(2)(B) requirement. In any event, even if petitioner's claim in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the overall record that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 796, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). In fact, the record shows that the Ninth Circuit in 2008 **denied** petitioner's request to file a successive petition. (See Docket Entry No. 43 in Case No. CV 03-2820-VAP (PLA)).

In the February 9, 2011, Order to Show Cause Re: Dismissal of Successive Petition, the Magistrate Judge advised petitioner that a review of his Petition indicated that it was successive, and he was ordered to show cause why his Petition should not be dismissed on that basis. Petitioner was further advised that unless he submitted documentation showing that he filed a motion in the Ninth Circuit for an order authorizing the District Court to consider a successive petition **and that the Ninth Circuit issued such an order**, the Petition would be dismissed without prejudice.

In his Answer to the February 9, 2011, Order, petitioner does not assert, nor does he present any documentation showing, that the Ninth Circuit issued an order authorizing the District Court to consider a successive petition. Instead, petitioner urges the Court to find the instant Petition to be not successive to his petition in Case No. CV 03-2820-VAP (PLA), but rather as an amendment to the 2003 petition, which relates back to the filing date of the 2003 petition, under Fed.R.Civ.P. 15(c). Petitioner's argument fails because habeas relief was denied and judgment was long ago entered in Case No. CV 03-2820-VAP (PLA), and thus the 2003 petition is no longer pending and cannot be amended. See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (for a subsequent habeas petition to amend and relate back to a former petition, the former petition must

still be pending); see also Burns v. United States, 152 Fed.Appx. 887, 890 (11th Cir. 2005) (denying petitioner's motion to amend a habeas petition pursuant to Fed.R.Civ.P. 15(c) because the original petition was denied by the district court and court of appeals, "rendering his case closed and not properly subject to amendment" and noting that petitioner's instant habeas claims were "nothing more than a successive [habeas petition] for which he was required to obtain [the court of appeals'] leave to file") (citable for its persuasive value pursuant to Eleventh Circuit Rule 36-2).

As petitioner has not shown that the Ninth Circuit issued an order authorizing the District Court to consider a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). See Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted). Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive.

**ORDER**

It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice as successive.

DATED: March 10, 2011

*Virginia A. Phillips*
HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE